UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bishop Ruben Dwayne Taylor, | ) C/A No. 3:05-2805-CMC-JRM |
| | ) |
| Plaintiff; | ) |
| | ) |
| vs. | ) |
| | ) |
| First Citizens Bank and Trust Company of South Carolina; | ) |
| | ) |
| Joseph M. Strickland; J. Ernest Kinard, Jr.; | ) |
| John C. Hayes, III; | ) Report and Recommendation |
| Parties to the first claim; | ) |
| Blanchard Machinery Co.; Alison R. Lee; | ) |
| Parties to the second claim; | ) |
| Dick Dyer & Associates, Inc.; Willie H. Womble, Jr.; | ) |
| Parties to the third claim; | ) |
| Richland County Inc.; Cornelia S. Pasky; | ) |
| David L. Adams; | ) |
| Parties to the forth claim; | ) |
| State of South Carolina, Inc.; S.C. Code 40-5-80; | ) |
| Jim Hodges; Glenn McConnell; | ) |
| Parties to the fifth claim; | ) |
| Principal Residential Mortg.; | ) |
| Joseph M. Strickland; and | ) |
| Parties to the sixth claim, | ) |
| | ) |
| Defendants. | |

---

## PROCEDURAL HISTORY

This is a *pro se* appeal of an order dismissing a Chapter 11 bankruptcy case, and an

adversary proceeding, filed in the United States Bankruptcy Court, District of South

Carolina.[1]  The United States Bankruptcy Trustee for Region Four sought an order dismissing the bankruptcy case with prejudice for three years pursuant to 11 U.S.C. § 1112(b).  The Attorney General's office and First Citizens Bank filed responses in support of the motion to dismiss and the debtor filed a "Motion to Strike Motion of the United States Trustee...".

The Bankruptcy Judge concluded that the debtor's lack of good faith was cause for dismissal of his bankruptcy petition.  The Bankruptcy Judge found that the debtor did not file the bankruptcy "in an effort to reorganize or rehabilitate his business, but ... filed [the case] so that [he] might continue in his obsessive quest to right the wrongs he perceives to have been perpetrated against him by a host of entities he believes to be conspirators."  *See* Order Dismissing Case with Prejudice @ 6.  In addition, the Bankruptcy Judge noted that this debtor had one prior bankruptcy case dismissed for bad faith.  Id. @ 8.  The order to dismiss with prejudice was entered on July 29, 2005.  It terminated the debtor's bankruptcy and all other pending pleadings in the case, including an adversary proceeding.

The debtor filed his Notice of Appeal in Bankruptcy Court on August 15, 2005.  The debtor then filed a Notice of Appeal in the United States District Court on September 28, 2005.  The United States Trustee filed a Motion to Dismiss the Appeal as Untimely on October 5, 2005.  The debtor/appellant, who is proceeding *pro se*, was advised in an order mailed on October 24, 2005 that a failure to respond to the motion filed by the United States Trustee with additional evidence or counter-affidavits could result in the dismissal of his appeal.  *See* Roseboro v. Garrison, 528 F. 2d 309 (4th Cir. 1975).   The debtor/appellant

---

[1]

This matter was referred to the undersigned pursuant to Local Rule 73.02(B)(2)(e), DSC. Since this is a dispositive motion, the report and recommendation is entered for review by the court.

responded to the motion filed by the United States Trustee.  This matter is now ripe for review.

## STANDARD OF REVIEW

In general, a motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Revene v. Charles County Comm'rs, 882 F.2d 870, 872.  In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff.  Mylan Labs., Inc. v. Matkari, 7 F.3d 1130 (1993), cert. denied, American Home Products Corp. v. Mylan Labs., Inc., 510 U.S. 1197 (1994); see also Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994), cert. denied, 514 U.S. 1107 (1995).  A pro se complaint must be read liberally, and such persons are not held to the strict pleading requirements otherwise required of attorneys.  Estelle v. Gamble, 429 U.S. 97, 106-07 (1976); Haines v. Kerner, 404 U.S. 519 (1972).  When, however, it appears to the court that the plaintiff has totally failed to state a claim which would entitle him to relief, a defendant is entitled to have its motion to dismiss granted.  Fed. R. Civ. P. 12(b)(6).

## DISCUSSION

The United States Trustee argues that this Court lacks subject matter jurisdiction over the *pro se* debtor's appeal.  A Notice of Appeal "shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from."  Fed. R. Bankr. P.

8002(a). 28 U.S.C. 158(c)(2) grants appellate jurisdiction only where the notice of appeal is filed in compliance with the time limits set forth in Rule 8002.

In this case the debtor filed his Notice of Appeal of the July 29, 2005 order on August 15, 2005, seventeen (17) days after entry of the order. This is beyond the ten (10) day requirement set forth in Rule 8002. Furthermore, the debtor did not file a motion to extend the time to file a Notice of Appeal nor did he file one of the motions identified in Rule 8002(b) within that ten day period.

The debtor, who refers to himself as "The Bishop", argues that he "has professed his religion and was repeatedly denied the free exercise thereof by reason of allowing a false claim to be validated by the court in bad faith." *See* Response to Motion to Dismiss @ 2. He also claims he "followed the state law" but alleges "the bank failed to timely object to the strict foreclosure as mandated in the code." Id. @ 2. The debtor believes this deprived him of his "...right of access to the court...." The debtor also claims that other parties to the action engaged in exparte communications....causing violations of due process..." Id. @ 2. In addition, the debtor seems to believe that the time to appeal was "shortened" without notice, and that the proper amount of time to appeal should be thirty (30) days. Id. @ 3. The debtor also argues that "...adjudications must be under divine law whereby this court lack jurisdiction and authority over this man." Id. @ 3. He also claims that information was withheld from the record, constituting fraud. Id. @ 3. Mostly, however, the debtor's response to the motion to dismiss consists of what some courts have described as "buzzwords" or "gibberish[.]" *See* Coghlan v. Starkey, 852 F.2d 806, 812-816 (5th Cir. 1988)(collecting cases); *See also* United States v. Messimer, 598 F. Supp. 992, 993 (C.D.Cal.

1984)(describing pleadings filed by *pro se* litigant as "thirty-four pages of bizarre, repetitive and incomprehensible claims, contentions and sometimes gibberish").  Notably, nowhere in his response does the debtor provide evidence that he filed his notice of appeal within the time set forth in Fed. R. Bankr. P. 8002(a).

## **CONCLUSION**

Based on the foregoing, it is recommended that the motion filed by the United States Trustee seeking dismissal of the pro se debtor's appeal for lack of jurisdiction because he failed to timely file his Notice of Appeal (Entry # 3) be granted.  **The debtor's attention is directed to the important notice on the next page.**

Respectfully Submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

December 16, 2005
Columbia, South Carolina

# Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" &

## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, *supra*; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina  29201
